**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

S.R. and T.R., as Parents and Legal Guardians of JANE DOE, a minor,

Plaintiffs,

-v-

TAWAS AREA SCHOOLS, TAWAS AREA SCHOOLS BOARD OF EDUCATION, and individuals JOHN KLINGER, AMANDA LIZOTTE, SARAH DANEK, and JANICE TIFFANY, in their official and individual capacities,

Defendants.

Case No. 1:26-cv-13098-DPH-PTM

Hon. Michael C. Martin

_______________________________/

Jacquelyn Kmetz (P83575)
Elizabeth Abdnour (P78203)
Ashley Dylenski (P88208)
Abdnour Weiker, LLP
Attorneys for Plaintiffs
325 E. Grand River Ave., Suite 250
East Lansing, Michigan 48823
(517) 994-1776
jacquelyn@education-rights.com
liz@education-rights.com
ashley@education-rights.com

Erin H. Walz (P55484)
Cathleen M. Dooley (P86148)
Thrun Law Firm, P.C.
Attorneys for Defendants
2900 West Road, P.O. Box 2575
East Lansing, Michigan 48826
(517) 484-8000
ewalz@thrunlaw.com
cdooley@thrunlaw.com

_______________________________/

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

THRUN LAW FIRM, P.C.

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants Tawas Area Schools and Tawas Area Schools Board of Education (collectively "the District"), John Klinger, Amanda Lizotte, Sarah Danek, and Janice Tiffany (collectively "Defendants") by and through their attorneys, Thrun Law Firm, hereby file the following Answer to Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

1. Admit.

2. Defendants admit that Plaintiffs have alleged constitutional claims under the First and Fourteenth Amendments but deny that there has been a violation of Plaintiffs' rights or that Plaintiffs are entitled to redress.

3. Defendants neither admit nor deny the allegations in Paragraph 3 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

4. Defendants neither admit nor deny the allegations in Paragraph 4 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

5. Defendants neither admit nor deny the allegations in Paragraph 5 because they assert a legal conclusion rather than a factual allegation and as such do

THRUN LAW FIRM, P.C.

not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court. Defendants reserve all rights relative to supplementation of their answer.

6. Deny.

7. Admit that any actions or omissions alleged to have been taken by Defendants occurred in Tawas, Michigan but is without sufficient information to admit or deny whether any relevant actions or inactions taken by anyone other than Defendants occurred in Tawas, Michigan.

8. Defendants neither admit nor deny the allegations in Paragraph 8 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

THRUN LAW FIRM, P.C.

**PARTIES**

9. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 9 and therefore deny the same.

10. Defendants deny that Jane Doe was a student enrolled in the District at all relevant times. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore deny the same.

11. Admit that the District was and continues to be a local educational agency in Tawas, Michigan. Defendants neither admit nor deny the remaining

allegations in Paragraph 11 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

12. Admit.

13. Defendants neither admit nor deny this statement because it is not a factual allegation and as such does not require a response.

14. Defendants deny that John Klinger was Superintendent for Tawas Area Schools during all material times but admit that he was Superintendent until September 27, 2024. To the extent that the remaining allegations in Paragraph 14 assert a legal conclusion rather than a factual allegation, Defendants neither admit nor deny because such allegations do not require a response and therefore leave Plaintiffs to their proofs thereon with a final determination by the Court.

15. Admit that Amanda Lizotte worked as a school social worker for Tawas Areas Schools during all material times and to the extent that the remaining allegations in Paragraph 15 assert a legal conclusion rather than a factual allegation, Defendants neither admit nor deny because such allegations do not require a response and therefore leave Plaintiffs to their proofs thereon with a final determination by the Court.

16. Admit that Sarah Danek was an employee of Tawas Area Schools during all material times and that she was Principal of Tawas Middle School until



THRUN LAW FIRM, P.C.

on or around August 6, 2024. To the extent that the remaining allegations in Paragraph 16 assert a legal conclusion rather than a factual allegation, Defendants neither admit nor deny because such allegations do not require a response and therefore leave Plaintiffs to their proofs thereon with a final determination by the Court.

17. Admit that Janice Tiffany was the Assistant Principal at Tawas Middle School during all material times and to the extent that the remaining allegations in Paragraph 17 assert a legal conclusion rather than a factual allegation Defendants neither admit nor deny because such allegations do not require a response and therefore leaves Plaintiffs to their proofs thereon with a final determination by the Court.

THRUN LAW FIRM, P.C.

## APPLICABLE LAW AND POLICIES

18. Defendants neither admit nor deny the allegations in Paragraph 18 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

19. Defendants neither admit nor deny the allegations in Paragraph 19 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

20. The cited statute speaks for itself and Defendants deny all characterizations thereof.

21. The cited regulations speak for themselves and Defendants deny all characterizations thereof.

22. Defendants neither admit nor deny the allegations in Paragraph 22 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

23. Defendants neither admit nor deny the allegations in Paragraph 23 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

24. The cited statute speaks for itself and Defendants deny all characterizations thereof.

25. The cited statute speaks for itself and Defendants deny all characterizations thereof.

26. Admit.

27. The cited regulation speaks for itself and Defendants deny all characterizations thereof.



THRUN LAW FIRM, P.C.

28. Defendants neither admit nor deny the allegations in Paragraph 28 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

29. Defendants neither admit nor deny the allegations in Paragraph 29 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

30. Defendants neither admit nor deny the allegations in Paragraph 30 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

31. Defendants neither admit nor deny the allegations in Paragraph 31 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

32. Defendants neither admit nor deny the allegations in Paragraph 32 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.



THRUN LAW FIRM, P.C.

33. Defendants neither admit nor deny the allegations in Paragraph 33 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

34. The cited statute speaks for itself and Defendants deny all characterizations thereof.

35. The cited statute speaks for itself and Defendants deny all characterizations thereof.

36. The cited statute speaks for itself and Defendants deny all characterizations thereof.

37. Defendants neither admit nor deny the allegations in Paragraph 37 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

38. Defendants neither admit nor deny the allegations in Paragraph 38 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

39. Defendants neither admit nor deny the allegations in Paragraph 39 because they assert a legal conclusion rather than a factual allegation and as such do

not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

40. The cited Amendment speaks for itself and Defendants deny all characterizations thereof.

41. Defendants neither admit nor deny the allegations in Paragraph 41 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

42. Admit that this is an accurate quote of the cited regulation.

43. Admit that this is an accurate quote of the cited statute but neither admit nor deny other allegations in Paragraph 43 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

THRUN LAW FIRM, P.C.

**FACTUAL ALLEGATIONS**

44. Admit.[1]

45. Deny.

46. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny the same.

[1] The Defendants are aware of the true identity of "Jane Doe" based on the allegations and identification of the parents' initials

47. Defendants admit that Jane Doe was withdrawn from the District during her second grade year but lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore deny the same.

48. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny the same.

49. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny the same.

50. Defendants admit that Jane Doe reenrolled in the District for the 2023-2024 school year but lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore deny the same.

51. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny the same.

52. Defendants admit that students are provided with a student handbook each year and that students are expected to adhere to the information and rules set forth in the handbook. Defendants deny all other allegations in paragraph 52.

53. Defendants admit that Jane Doe, like all students, received a digital copy of the student handbook and affirmatively states that the digital copy is provided during student orientation.

54. The student handbook speaks for itself and Defendants deny all characterizations thereof.



THRUN LAW FIRM, P.C.

55. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny the same.

56. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the same.

57. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny the same.

58. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny the same.

59. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny the same.

60. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny the same.

61. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny the same.

62. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny the same.

63. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny the same.

64. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore deny the same.



THRUN LAW FIRM, P.C.

65. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny the same.

66. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore deny the same.

67. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore deny the same.

68. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny the same.

69. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny the same.

70. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore deny the same.

71. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore deny the same.

72. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore deny the same.

73. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore deny the same.

74. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny the same.

THRUN LAW FIRM, P.C.

75. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore deny the same.

76. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny the same.

77. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore deny the same.

78. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore deny the same.

79. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore deny the same.

80. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore deny the same.

81. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore deny the same.

82. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny the same.

83. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny the same.

84. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore deny the same.

THRUN LAW FIRM, P.C.

85. Defendants admit that Deputy Jeremy Daniszewski was the School Resource Officer assigned to Tawas Area Schools during the 2023-2024 school year. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore deny the same.

86. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore deny the same.

87. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny the same.

88. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny the same.

89. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore deny the same.

90. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore deny the same.

91. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore deny the same.

92. Defendants admit that T.R. spoke to the Middle School secretary Denise Spaid before the start of the 2023-2024 school year but deny the remaining allegations in paragraph 92.



THRUN LAW FIRM, P.C.

93. Defendants admit that T.R. spoke to the Middle School secretary Denise Spaid before the start of the 2023-2024 school year but deny the remaining allegations in paragraph 93.

94. Defendants admit that T.R. spoke to the Middle School secretary Denise Spaid before the start of the 2023-2024 school year but deny the remaining allegations in paragraph 94.

95. Defendants admit that T.R. spoke to the Middle School secretary Denise Spaid before the start of the 2023-2024 school year but deny the remaining allegations in paragraph 95.

96. Deny.

97. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore deny the same.

98. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore deny the same.

99. Defendants admit that Jane Doe had a physical altercation with a student on the bus on or around August 29, 2026, but lack information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore deny the same.

100. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore deny the same.

101. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore deny the same.

102. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore deny the same.

103. Defendants affirmatively stated that Mr. Livingston recalls talking to a parent regarding an altercation involving Jane Doe and another student but he does not recall the specifics of the conversation or the date on which it occurred.

104. Deny.

105. Deny.

106. Deny.

107. Defendants admit that Ms. Tiffany and a lunchroom aide were in the cafeteria during every lunch period but deny the remaining allegations in paragraph 107.

108. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore deny the same.

109. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore deny the same.

110. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny the same.

THRUN LAW FIRM, P.C.

111. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore deny the same.

112. Admit that a female student and Jane Doe made the report as described.

113. Deny. Defendants affirmatively state that Defendant Tiffany investigated Jane Doe's report and determined that it was unfounded.

114. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore deny the same.

115. Admit.

116. Defendants admit that a student who reported as described in paragraph 112 retracted her statement but deny the implication or characterization that the retraction was a result of talking with Ms. Tiffany.

117. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore deny the same.

118. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore deny the same.

119. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore deny the same.

120. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore deny the same.



THRUN LAW FIRM, P.C.

121. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore deny the same.

122. Defendants deny but affirmatively state that two male students signed no contact paperwork as to Jane Doe on October 10, 2023.

123. Admit that Ms. Tiffany created and imposed the no contact orders but deny the remaining allegations in paragraph 123.

124. Defendants admit that the no contact orders were mutual as to Jane Doe and each of the male students but deny that Jane Doe was a victim of abuse and that she had done nothing wrong.

125. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore deny the same. Defendants affirmatively state that there were no complaints made to District administration.

126. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore deny the same.

127. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore deny the same.

128. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore deny the same.

129. Defendants admit that the District denied knowledge of the abuse and states affirmatively that despite efforts, including but not limited to reviewing camera footage, it was never able to substantiate abuse.

130. Admit.

131. Admit.

132. Defendants admit that Defendant Lizotte emailed the IEP team to provide information relevant to the upcoming IEP meeting but deny that Lizotte stated that Jane Doe "continued" to be harassed.

133. Admit that Melissa Kendall emailed Jonathan Mejeur on October 11, 2023, regarding T.R.'s statements to her about Jane Doe's experiences.

134. Deny. Defendants affirmatively assert that Kendall's email stated that T.R. told her that the school was aware of the bullying.

135. Deny. Defendants affirmatively assert that Kendall's email stated that T.R. told her that other students were acting on the behalf of the two male students to continue the harassment.

136. Admit.

137. Admit.

138. Deny.

139. Deny.

140. Deny.

141. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore deny the same.

142. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore deny the same.

143. Admit.

144. Admit.

145. Admit.

146. Admit.

147. Defendants admit that Jane Doe was spending time in Lizotte's office during the school day but lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and therefore deny the same.

148. Admit.

149. Admit.

150. Admit.

151. Admit.

152. Admit.

153. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore deny the same.

154. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore deny the same.



THRUN LAW FIRM, P.C.

155. Defendants admit that they received a letter from Dr. Brad Kloska dated October 31, 2023, stating that Jane Doe has a diagnosis of major depressive disorder but lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 and therefore deny the same.

156. Admit.

157. Deny.

158. Admit that Jane Doe was referred for evaluation after her parents requested a special education evaluation under the IDEA on or around September 28, 2023, but deny the implication created by the use of the phrase "only after" that the District should have done so earlier.

159. Admit that Jane Doe was investigated for writing a bomb threat on a bathroom wall on or around October 17, 2023, but deny that there was a false accusation.

160. Defendants deny that the notice of student misconduct referred to in paragraph 160 stated that Jane Doe "allegedly" admitted to making the threat but admit to all other allegations in paragraph 160.

161. Defendants admit that the notice of student misconduct referred to in paragraph 161 memorialized the District's consideration of the seven factors set out in MCL 380.1310d but deny the remaining allegations in paragraph 161.

162. Deny.



THRUN LAW FIRM, P.C.

163. Deny.

164. Deny.

165. Deny.

166. Deny.

167. Defendants admit that Jane Doe admitted to writing the threat on the bathroom stall.

168. Deny.

169. Deny.

170. Admit that she spelled "bomb" incorrectly but deny that she was unable to spell "bomb" correctly. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 170 and therefore deny the same.

171. Admit.

172. Admit.

173. Admit.

174. Admit.

175. Defendants admit that parents presented a report from Robert Baier but lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 175 and therefore deny the same.



THRUN LAW FIRM, P.C.

176. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 176 and therefore deny the same.

177. Defendants admit that in Mr. Baier's opinion he stated that Jane Doe could not have written the statement on the bathroom wall but lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 177 and therefore deny the same.

178. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore deny the same.

179. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore deny the same.

180. Admit.

181. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore deny the same.

182. Deny.

183. Admit.

184. Defendants admit that John Klinger, Brandon C., Tony H., and Deputy Jeremy Daniszewski were part of the threat assessment team. The District lacks information sufficient to form a belief as to the identities of the Michigan State Police officers that were part of the threat assessment team and therefore deny the same.

THRUN LAW FIRM, P.C.

185. Admit.

186. Defendants admit that the threat assessment's overall assessment stated, "attention seeking; poor mental health; family seeking support." Defendants also admit that under the section titled Immediate Assessment by District Mental Health Professional, subsection Mental State, the team checked "Hopelessness, despair."

187. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore deny the same.

188. Admit that the MDR was held on October 31, 2023, but deny all characterizations thereof.

189. Admit.

190. Deny.

191. Defendants deny that the MDR team "briefly acknowledged" Jane Doe's depression during the MDR and admit the remaining allegations in paragraph 191.

192. Defendants admit awareness of Jane Doe's mental health concerns but deny that Jane Doe suffered extreme harassment or abuse at school. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 192 and therefore deny the same.

193. Deny.



THRUN LAW FIRM, P.C.

194. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 194 and therefore deny the same.

195. Deny.

196. Admit.

197. Deny that the MET report was completed on November 1, 2023, and affirmatively state that the document is dated November 7, 2023.

198. Defendants neither admit nor deny the allegations in Paragraph 198 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

199. Defendants admit that the MDR and disciplinary proceedings occurred before the MET report and affirmatively state that these processes were completed in accordance with statutory timelines. Defendants deny the remaining allegations stated in paragraph 199.

200. Defendants neither admit nor deny the allegations in Paragraph 200 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

201. The MET report speaks for itself and all characterizations thereof are denied.

THRUN LAW FIRM, P.C.

202. The MET report speaks for itself and all characterizations thereof are denied.

203. The MET report speaks for itself and all characterizations thereof are denied.

204. The MET report speaks for itself and all characterizations thereof are denied.

205. The MET report speaks for itself and all characterizations thereof are denied.

206. The MET report speaks for itself and all characterizations thereof are denied.

207. Admit.

208. Admit.

209. Admit.

210. The MET report speaks for itself and all characterizations thereof are denied.

211. The MET report speaks for itself and all characterizations thereof are denied.

212. The MET report speaks for itself and all characterizations thereof are denied.

213. The MET report speaks for itself and all characterizations thereof are denied.

214. The MET report speaks for itself and all characterizations thereof are denied.

215. The MET report speaks for itself and all characterizations thereof are denied.

216. The MET report speaks for itself and all characterizations thereof are denied.

217. The MET report speaks for itself and all characterizations thereof are denied.

218. The MET report speaks for itself and all characterizations thereof are denied.

219. The MET report speaks for itself and all characterizations thereof are denied.

220. Defendants admit that no additional assessments were conducted. Defendants affirmatively state that this type of testing was not warranted for Jane Doe based on her performance, nor did Plaintiffs request that any additional evaluations be conducted.

221. Admit that an MDR was not reconvened but deny the characterization doing so was required or requested.



THRUN LAW FIRM, P.C.

222. Deny.

223. Defendants neither admit nor deny the allegations in Paragraph 223 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

224. Admit.

225. Admit.

226. Deny.

227. The IEP speaks for itself and all characterizations thereof are denied.

228. The IEP speaks for itself and all characterizations thereof are denied.

229. The IEP speaks for itself and all characterizations thereof are denied. The Defendants affirmatively state that these grade equivalents are identified as estimates.

230. The IEP speaks for itself and all characterizations thereof are denied.

231. Defendants deny and affirmatively state that Jane Doe received services as determined during removal in compliance with the IDEA.

232. Admit the factual statement but deny all characterizations thereof.

233. Deny.

THRUN LAW FIRM, P.C.

234. Defendants admit that Jane Doe was removed due to expulsion for the remainder of the 2023-2024 school year, deny all remaining allegations in paragraph 234, and deny all characterizations of any factual statement in paragraph 234.

235. Defendants admit that Ms. Lizotte made a referral to Community Mental Health and deny all remaining allegations in paragraph 235.

236. Admit.

237. Admit.

238. The hearing transcript speaks for itself and all characterizations thereof are denied.

239. The hearing transcript speaks for itself and all characterizations thereof are denied.

240. The hearing transcript speaks for itself and all characterizations thereof are denied.

241. The hearing transcript speaks for itself and all characterizations thereof are denied.

242. The hearing transcript speaks for itself and all characterizations thereof are denied.

243. The hearing transcript speaks for itself and all characterizations thereof are denied.

THRUN LAW FIRM, P.C.

244. The hearing transcript speaks for itself and all characterizations thereof are denied.

245. The hearing transcript speaks for itself and all characterizations thereof are denied.

246. The hearing transcript speaks for itself and all characterizations thereof are denied.

247. The hearing transcript speaks for itself and all characterizations thereof are denied.

248. The hearing transcript speaks for itself and all characterizations thereof are denied.

249. The hearing transcript speaks for itself and all characterizations thereof are denied.

250. The hearing transcript speaks for itself and all characterizations thereof are denied.

251. The hearing transcript speaks for itself and all characterizations thereof are denied.

252. The hearing transcript speaks for itself and all characterizations thereof are denied. Defendants affirmatively state that the allegation set out in paragraph 252 establishes the falsity of the allegations in paragraph 222.

253. The hearing transcript speaks for itself and all characterizations thereof are denied.

254. The hearing transcript speaks for itself and all characterizations thereof are denied.

255. The hearing transcript speaks for itself and all characterizations thereof are denied.

256. The hearing transcript speaks for itself and all characterizations thereof are denied.

257. The hearing transcript speaks for itself and all characterizations thereof are denied.

258. The hearing transcript speaks for itself and all characterizations thereof are denied.

259. The hearing transcript speaks for itself and all characterizations thereof are denied.

260. The hearing transcript speaks for itself and all characterizations thereof are denied.

261. The hearing transcript speaks for itself and all characterizations thereof are denied.

262. The hearing transcript speaks for itself and all characterizations thereof are denied.



THRUN LAW FIRM, P.C.

263. The hearing transcript speaks for itself and all characterizations thereof are denied.

264. The hearing transcript speaks for itself and all characterizations thereof are denied.

265. The hearing transcript speaks for itself and all characterizations thereof are denied.

266. The hearing transcript speaks for itself and all characterizations thereof are denied

267. The hearing transcript speaks for itself and all characterizations thereof are denied.

268. The hearing transcript speaks for itself and all characterizations thereof are denied.

269. The hearing transcript speaks for itself and all characterizations thereof are denied.

270. The hearing transcript speaks for itself and all characterizations thereof are denied.

271. The hearing transcript speaks for itself and all characterizations thereof are denied.

272. The hearing transcript speaks for itself and all characterizations thereof are denied.

THRUN LAW FIRM, P.C.

273. The hearing transcript speaks for itself and all characterizations thereof are denied.

274. The hearing transcript speaks for itself and all characterizations thereof are denied.

275. The hearing transcript speaks for itself and all characterizations thereof are denied.

276. The hearing transcript speaks for itself and all characterizations thereof are denied.

277. The hearing transcript speaks for itself and all characterizations thereof are denied.

278. The hearing transcript speaks for itself and all characterizations thereof are denied.

279. Admit.

280. Admit.

281. The hearing transcript speaks for itself and all characterizations thereof are denied.

282. The hearing transcript speaks for itself and all characterizations thereof are denied.

283. Deny.

284. The hearing transcript speaks for itself and all characterizations thereof are denied

285. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 285 and therefore deny the same.

286. The hearing transcript speaks for itself and all characterizations thereof are denied.

287. The hearing transcript speaks for itself and all characterizations thereof are denied.

288. The hearing transcript speaks for itself and all characterizations thereof are denied.

289. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 289 and therefore deny the same.

290. The hearing transcript speaks for itself and all characterizations thereof are denied.

291. The hearing transcript speaks for itself and all characterizations thereof are denied.

292. The hearing transcript speaks for itself and all characterizations thereof are denied.

293. The hearing transcript speaks for itself and all characterizations thereof are denied.



THRUN LAW FIRM, P.C.

294. The hearing transcript speaks for itself and all characterizations thereof are denied.

295. The hearing transcript speaks for itself and all characterizations thereof are denied.

296. The hearing transcript speaks for itself and all characterizations thereof are denied.

297. The hearing transcript speaks for itself and all characterizations thereof are denied.

298. The hearing transcript speaks for itself and all characterizations thereof are denied.

299. The hearing transcript speaks for itself and all characterizations thereof are denied.

300. Admit that a settlement agreement was reached but affirmatively states that the date was April 17, 2024.

301. Admit.

302. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 302 and therefore deny the same.

303. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 303 and therefore deny the same.

304. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 304 and therefore deny the same.

305. Defendants admit that April 18, 2024, was six months since Jane Doe had attended in person. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 305 and therefore deny the same.

306. Admit that Ms. Collins reported hearing girls in directed study talking about the photo being recirculated.

307. Deny and Defendants affirmatively state that Janice Tiffany investigated Ms. Collins' report on April 19, 2024.

308. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 308 and therefore deny the same.

309. Deny.

310. Deny.

311. Admit.

312. Admit.

313. Admit.

314. Admit.

315. Admit.



THRUN LAW FIRM, P.C.

316. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 316 and therefore deny the same.

317. Admit and affirmatively state that Ms. Collins requested that she be allowed to tell Plaintiffs that another teacher would take over services.

318. Admit.

319. The document speaks for itself and all characterizations thereof are denied.

320. Admit that Ms. Collins had provided services to Jane Doe since November 2023 and deny the remaining allegations in paragraph 320.

321. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 321 and therefore deny the same.

322. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 322 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

323. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 323 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

324. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 324 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.



THRUN LAW FIRM, P.C.

325. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 325 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

326. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 326 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

327. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 327 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

328. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 328 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

329. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 329 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

330. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 330 and therefore deny the same.

331. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 331 and therefore deny the same.

332. Deny.



THRUN LAW FIRM, P.C.

333. Admit that Plaintiffs learned the instruction would be remote approximately one week before the change, deny all remaining allegations in paragraph 333, and deny all characterizations of the allegations in paragraph 333.

334. Deny and affirmatively state that the correct date is the week of April 28, 2024.

335. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

336. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

337. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

338. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

339. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

340. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

341. The email dated May 6, 2024 speaks for itself and all characterizations thereof are denied.

342. Admit.



THRUN LAW FIRM, P.C.

343. Admit.

344. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 344 and therefore deny the same.

345. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 345 and therefore deny the same.

346. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 346 and therefore deny the same.

347. Admit that Ms. Greene was assigned to provide services to Jane Doe in the area of math and that Ms. Collins holds an Emotional Impairment K-12 (SE) certificate. Defendants affirmatively state that Ms. Greene holds an Elementary K-5 All Subjects (K-8 in Self-Contained Classroom) (ZG) K-8 Mathematics (EX) certificate.

348. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 348 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

349. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 349 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

350. Deny.

351. Deny.



THRUN LAW FIRM, P.C.

352. Admit.

353. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 353 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

354. Admit.

355. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 355 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

356. Admit.

357. Admit.

358. Deny.

359. Admit.

360. Deny.

361. Admit.

362. Admit that the request to use Dr. Bateman was denied and, on information and belief, affirmatively state that Cindy Shinsky was one of the three experts offered by Defendants.

363. Deny.

364. Admit that Ms. Shinsky did not have publications and deny the remaining allegations in paragraph 364.



THRUN LAW FIRM, P.C.

365. Admit that Plaintiffs reiterated their request that Dr. Bateman serve as the expert.

366. Admit.

367. Admit.

368. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 368 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

369. Admit that Plaintiffs brought Dr. Hulett to the IEP meeting and deny the remaining allegations in paragraph 369.

370. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 370 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

371. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 371 and therefore deny the same. Defendants reserve all rights relative to supplementation of its answer.

372. Admit that the date of the IEP was delayed and deny the remaining allegations in paragraph 372.

373. Admit.

374. Admit.

375. Admit.

376. Deny.

377. Deny.

378. Admit that the IEP meeting convened on July 15, 2024, and deny all remaining allegations in paragraph 378.

379. Admit.

380. Admit that District counsel attended the August 5, 2024 IEP meeting but Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 380 and therefore deny the same.

381. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 381 and therefore deny the same.

382. Admit.

383. Admit that Dr. Hulett stated he was not available after 12:00 pm but deny the remaining allegations in paragraph 383. Defendants affirmatively state that the length of the IEP meeting on August 5, 2024 was directly related to Dr. Hulett's aggressive and uncollaborative approach to the meeting

384. Deny.

385. Deny.

386. Admit that Plaintiffs agreed to continue the meeting after Dr. Hulett's departure and deny the remaining allegations in paragraph 386.

387. Deny.



THRUN LAW FIRM, P.C.

388. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 388 and therefore deny the same.

389. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 389 and therefore deny the same.

390. Admit that there was no Title IX investigation, but deny the remaining allegations in paragraph 390, and deny all characterizations of the allegations in paragraph 390.

391. Defendants admit that Title IX permits discipline as a remedy but only after a determination of responsibility made pursuant to a Title IX grievance process. Defendants further admit that District policy allows for discipline of students who violate the Student Code of Conduct. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 391 and therefore deny the same.

392. The cited regulation speaks for itself and all characterizations thereof are denied.

393. Defendants neither admit nor deny the allegations in Paragraph 393 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

THRUN LAW FIRM, P.C.

394. Defendants neither admit nor deny the allegations in Paragraph 394 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

395. Defendants neither admit nor deny the allegations in Paragraph 395 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

396. Deny.

397. Deny.

398. Deny.

399. Defendants neither admit nor deny the allegations in Paragraph 399 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

400. The cited regulation speaks for itself and all characterizations thereof are denied.

401. Defendants neither admit nor deny the allegations in Paragraph 401 because they assert a legal conclusion rather than a factual allegation and as such do

THRUN LAW FIRM, P.C.

not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

402. The cited regulation speaks for itself and all characterizations thereof are denied.

403. The cited regulation speaks for itself and all characterizations thereof are denied.

404. Deny.

405. Deny that Defendants failed to offer supportive measures to Jane Doe. Defendants neither admit nor deny the remaining allegations in Paragraph 405 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

406. Defendants neither admit nor deny the allegations in Paragraph 406 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

407. Defendants neither admit nor deny the allegations in Paragraph 407 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.



THRUN LAW FIRM, P.C.

408. Defendants neither admit nor deny the allegations in Paragraph 408 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

409. Defendants neither admit nor deny the allegations in Paragraph 409 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

410. Defendants neither admit nor deny the allegations in Paragraph 410 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

411. Defendants neither admit nor deny the allegations in Paragraph 411 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

412. Admit that the Tawas Board of Education are responsible for adopting District policy but neither admit nor deny the remaining allegations in Paragraph 412 because they assert a legal conclusion rather than a factual allegation and as such



THRUN LAW FIRM, P.C.

do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

413. Defendants neither admit nor deny the allegations in Paragraph 413 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

414. Defendants neither admit nor deny the allegations in Paragraph 414 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

415. Defendants neither admit nor deny the allegations in Paragraph 415 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

416. Defendants neither admit nor deny the allegations in Paragraph 416 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

417. Defendants neither admit nor deny the allegations in Paragraph 417 because they assert a legal conclusion rather than a factual allegation and as such do



THRUN LAW FIRM, P.C.

not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

418. Defendants neither admit nor deny the allegations in Paragraph 418 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

419. Defendants neither admit nor deny the allegations in Paragraph 419 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

420. Defendants neither admit nor deny the allegations in Paragraph 420 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

421. Admit that Defendant Lizotte met with Jane Doe numerous times during the 2023-2024 school year but Defendants neither admit nor deny the remaining allegations in Paragraph 421 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.



THRUN LAW FIRM, P.C.

422. Deny that Defendant Lizotte was the Title IX Coordinator at relevant times. Tawas Board policy speaks for itself and all characterizations thereof are denied.

423. Admit that Defendant Danek was the Middle School Principal and a District employee and that she was subject to Tawas Board Policy, which speaks for itself and all characterizations thereof are denied. Defendants deny the remaining allegations in paragraph 423.

424. Admit that Defendant Tiffany was the Middle School Assistant Principal and a District employee and that she was subject to Tawas Board Policy, which speaks for itself and all characterizations thereof are denied. Defendants deny the remaining allegations in paragraph 424.

425. Defendants neither admit nor deny the allegations in Paragraph 425 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

426. Defendants neither admit nor deny the allegations in Paragraph 426 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.



THRUN LAW FIRM, P.C.

427. Defendants neither admit nor deny the allegations in Paragraph 427 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

428. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 428 and therefore deny the same.

429. The allegation that Jane Doe spent an increasing amount of time outside of the classroom is vague and therefore Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 429 and deny the same. The remaining allegations in paragraph 429 assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

430. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 430 and therefore deny the same.

431. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 431 and therefore deny the same.

432. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 432 and therefore deny the same.

433. The allegation that a student urinated on Jane Doe's shoe is vague and therefore Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 433 and deny the same.

434. Defendants neither admit nor deny the allegations in Paragraph 434 because they assert a legal conclusion rather than a factual allegation and as such do not require a response. Defendants leave Plaintiffs to their proofs thereon with a final determination by the Court.

435. Defendants deny that Jane Doe was forced to withdraw from Tawas High School and lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 435 and therefore deny the same.

436. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 436 and therefore deny the same.

437. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 437 and therefore deny the same.

438. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 438 and all of its subparts and therefore deny the same.

439. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 439 and therefore deny the same.

440. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 440 and therefore deny the same.

441. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 441 and therefore deny the same.

442. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 442 and therefore deny the same.

443. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 443 and therefore deny the same.

444. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 444 and therefore deny the same.

445. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 445 and therefore deny the same.

446. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 446 and therefore deny the same.

447. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 447 and therefore deny the same.

**COUNT I**
**Violation of Title IX**
**Deliberate Indifference to Sex Discrimination**
**20 U.S.C. § 1681, *et seq.***
**(The TAS Defendants)**

448. Defendants incorporate their responses to all previous allegations.



THRUN LAW FIRM, P.C.

449. Plaintiffs' Complaint speaks for itself; Defendants leave Plaintiffs to their proofs.

450. Deny.

451. Deny.

452. Deny.

453. Deny.

454. Deny.

455. Deny.

456. Deny.

457. Deny.

**COUNT II**
**Violation of Title IX**
**Deliberate Indifference to a Known Hostile Environment**
**20 U.S.C. § 1681, *et seq.***
**(The TAS Defendants)**

458. Defendants incorporate their responses to all previous allegations.

459. Plaintiffs' Complaint speaks for itself; Defendants leave Plaintiffs to their proofs.

460. Deny.

461. Deny.

462. Deny.

463. Deny.



THRUN LAW FIRM, P.C.

**COUNT III**
**Violation of Title IX**
**Retaliation**
**20 U.S.C. § 1681, *et seq.***
**(The TAS Defendants)**

464. Defendants incorporate their responses to all previous allegations.

465. Plaintiffs' Complaint speaks for itself; Defendants leave Plaintiffs to their proofs.

466. The cited law speaks for itself and all characterizations thereof are denied.

467. Deny.

468. Deny.

469. Deny.

**COUNT IV**
**Denial of Substantive Due Process**
**42 U.S.C. § 1983 and the Fourteenth Amendment**
**(All Defendants)**

470. Defendants incorporate their responses to all previous allegations.

471. The cited law speaks for itself and all characterizations thereof are denied.

472. Paragraph 472 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

473. Deny.

474. Deny.



THRUN LAW FIRM, P.C.

475. Deny.

476. Paragraph 476 is premised on a legal conclusion to which Defendants leave Plaintiffs to their proofs. If a response is required, Defendants deny same.

477. Deny.

478. Deny.

## COUNT V
## Denial of Procedural Due Process
## 42 U.S.C. § 1983 and the Fourteenth Amendment
## (All Defendants)

479. Defendants incorporate their responses to all previous allegations.

480. The cited law speaks for itself and all characterizations thereof are denied.

481. Deny.

482. Deny.

483. Deny.

484. Paragraph 484 is premised on a legal conclusion to which Defendants leave Plaintiffs to their proofs. If a response is required, Defendants deny same.

485. Deny.

486. Deny.

THRUN LAW FIRM, P.C.

**<u>COUNT VI</u>**
**Denial of Equal Protection**
**42 U.S.C. § 1983 and the Fourteenth Amendment**
**(All Defendants)**

487. Defendants incorporate their responses to all previous allegations.

488. Plaintiffs' Complaint speaks for itself; Defendants leave Plaintiffs to their proofs.

489. The cited law speaks for itself and all characterizations thereof are denied.

490. The cited law speaks for itself and all characterizations thereof are denied.

491. Paragraph 491 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

492. Deny.

493. Deny.

494. Deny.

495. Deny.

496. Paragraph 496 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

497. The cited law speaks for itself and all characterizations thereof are denied.

498. The cited law speaks for itself and all characterizations thereof are denied.

499. The cited law speaks for itself and all characterizations thereof are denied.

500. Paragraph 500 is premised on a legal conclusion to which Defendants leave Plaintiffs to their proofs. If a response is required, Defendants deny same.

501. Deny.

502. Deny.

**COUNT VII**
**Retaliation**
**42 U.S.C. § 1983 and the First Amendment**
**to the U.S. Constitution**
**(Defendants Klinger, Lizotte, Danek, and Tiffany)**

503. Defendants incorporate their responses to all previous allegations.

504. Plaintiffs' Complaint speaks for itself; Defendants leave Plaintiffs to their proofs.

505. Paragraph 505 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

506. Deny.

507. Deny.

508. The cited law speaks for itself and all characterizations thereof are denied.



THRUN LAW FIRM, P.C.

509. Deny.

510. Paragraph 510 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

511. Deny.

512. Deny.

**COUNT VIII**
**Disability Discrimination**
**Violation of Section 504 of the**
**Rehabilitation Act, 29 U.S.C. § 794**
**(The TAS Defendants)**

513. Defendants incorporate their responses to all previous allegations.

514. The cited law speaks for itself and all characterizations thereof are denied.

515. The cited law speaks for itself and all characterizations thereof are denied.

516. The cited law speaks for itself and all characterizations thereof are denied.

517. The cited law speaks for itself and all characterizations thereof are denied.

518. The cited law speaks for itself and all characterizations thereof are denied.



THRUN LAW FIRM, P.C.

519. The cited law speaks for itself and all characterizations thereof are denied.

520. Defendants admit that TAS is a recipient of federal financial assistance and that it operates a public education program. Defendants deny the inclusion of the Board in this paragraph. The remainder of the allegations in Paragraph 520 state legal conclusions to which no response is required; if a response is required, Defendants deny same.

521. Paragraph 521 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

522. Deny.

523. Deny.

524. (a) – (d). Deny.

525. Deny.

526. Deny.

527. Deny.

528. Deny.

529. Deny.

530. Deny.

531. Deny.

**COUNT IX**
**Retaliation**
**Violation of Section 504 of the**
**Rehabilitation Act, 29 U.S.C. § 794**
**(The TAS Defendants)**

532. Defendants incorporate their responses to all previous allegations.

533. The cited law speaks for itself and all characterizations thereof are denied.

534. Deny.

535. Deny.

536. Deny.

537. Deny.

538. Deny.

539. Deny.

540. Deny.

**COUNT X**
**Disability Discrimination**
**Violation of Title II of the Americans**
**with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.***
**(The TAS Defendants)**

541. Defendants incorporate their responses to all previous allegations.

542. The cited law speaks for itself and all characterizations thereof are denied.



THRUN LAW FIRM, P.C.

543. Paragraph 543 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

544. Paragraph 544 (a) – (e) state legal conclusions to which no response is required; if a response is required, Defendants deny same.

545. The cited law speaks for itself and all characterizations thereof are denied.

546. The cited law speaks for itself and all characterizations thereof are denied.

547. The cited law speaks for itself and all characterizations thereof are denied.

548. The cited law speaks for itself and all characterizations thereof are denied.

549. Paragraph 549 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

550. Paragraph 550 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

551. Deny.

552. Deny.

553. (a) – (e) Deny.

554. Deny.



THRUN LAW FIRM, P.C.

555. Deny.

556. Deny.

557. Deny.

558. Deny.

559. Deny.

**COUNT XI**
**Retaliation**
**Violation of Title II of the Americans**
**With Disabilities Act, 42 U.S.C. §§ 12131, *et seq.***
**(The TAS Defendants)**

560. Defendants incorporate their responses to all previous allegations.

561. The cited law speaks for itself and all characterizations thereof are denied.

562. Deny.

563. Deny.

564. Deny.

565. Deny.

566. Deny.

567. Deny.

568. Deny.

THRUN LAW FIRM, P.C.

THRUN LAW FIRM, P.C.

**COUNT XII**
***Monell* Liability**
**42 U.S.C. § 1983 and the First Amendment**
**to the U.S. Constitution**
**(The TAS Defendants)**

569. Defendants incorporate their responses to all previous allegations.

570. Deny.

571. Deny.

572. Deny.

573. Deny.

574. Deny.

575. Deny.

576. Deny.

**COUNT XIII**
**Disability Discrimination**
**Violation of the Persons with Disabilities**
**Civil Rights Act, M.C.L. 37.1101, *et seq.***
**(All Defendants)**

577. Defendants incorporate their responses to all previous allegations.

578. Paragraph 578 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

579. Paragraph 579 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

580. Paragraph 580 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

581. Paragraph 581 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

582. Paragraph 582 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

583. (a) – (i) Deny.

584. Deny.

585. Deny.

THRUN LAW FIRM, P.C.

**COUNT XIV**
**Retaliation**
**Violation of the Persons with Disabilities**
**Civil Rights Act, M.C.L. 37.1101, *et seq.***
**(All Defendants)**

586. Defendants incorporate their responses to all previous allegations.

587. The cited law speaks for itself and all characterizations thereof are denied.

588. Deny.

589. Deny.

590. Deny.

591. Deny.

**COUNT XV**
**Violation of the Elliott-Larsen Civil Rights Act**
**Sex Discrimination**
**M.C.L. 37.2101, *et seq.***
**(Defendants Lizotte, Danice, and Tiffany)**

592. Defendants incorporate their responses to all previous allegations.

593. Admit.

594. The cited law speaks for itself and all characterizations thereof are denied.

595. Deny.

596. Deny.

**COUNT XVI**
**Gross Negligence**
**M.C.L. 691.1407, *et seq.***
**(All Defendants)**

597. Defendants incorporate their responses to all previous allegations.

598. Paragraph 598 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

599. Paragraph 599 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

600. Deny.

601. Deny.

602. Deny.

603. Deny.



THRUN LAW FIRM, P.C.

**COUNT XVII**
**Violation of Michigan's "Rethink Discipline" Law**
**M.C.L. 380.1310d, *et seq.***
**(The TAS Defendants)**

604. Defendants incorporate their responses to all previous allegations.

605. (a) – (g) The cited law speaks for itself and all characterizations thereof are denied.

606. The cited law speaks for itself and all characterizations thereof are denied.

607. The cited law speaks for itself and all characterizations thereof are denied.

608. Admit.

609. Deny.

610. Deny.

611. Deny.

612. Deny.

613. Deny.

614. Deny.

**COUNT XVIII**
**Breach of Contract**
**(The TAS Defendants and Defendant Klinger)**

615. Defendants incorporate their responses to all previous allegations.



THRUN LAW FIRM, P.C.

THRUN LAW FIRM, P.C.

616. Paragraph 616 states a legal conclusion to which no response is required; if a response is required, Defendants deny same.

617. Deny.

618. Admit that handbooks are provided; deny that same created an implied contract.

619. Admit.

620. The Student Handbook speaks for itself and all characterizations thereof are denied.

621. Deny.

622. Deny.

623. Deny.

**COUNT XIX**
**Injunctive Relief**

624. Defendants incorporate their responses to all previous allegations.

625. Deny.

626. Deny. Plaintiffs do not have standing nor legal authority to seek injunctive relief as described.

627. Deny. Plaintiffs do not have standing nor legal authority to seek injunctive relief as described.

628. Deny. Plaintiffs do not have standing nor legal authority to seek injunctive relief as described.

629. Deny. Plaintiffs do not have standing nor legal authority to seek injunctive relief as described.

630. Paragraph 630 identifies a requested relief, not a fact to which a response is required. If a response is required, Defendants deny same.

## RELIANCE ON DEMAND FOR JURY TRIAL

Defendants rely on the Demand for Jury Trial filed by Plaintiffs

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to one or more of the counts pled.

2. Plaintiffs lack standing to plead or obtain remedies for one of more of the counts pled.

3. Plaintiffs have filed beyond the statute of limitations as to one or more of the counts pled in the Complaint.

4. Some or all of the factual allegations unpinning every count in the Complaint were released via a settlement agreement.

5. Plaintiffs' use of numerous pseudonyms throughout their Complaint has affected Defendants' ability to fully respond to the allegations. Those allegations should be stricken because they are impossible for Defendants to defend.



THRUN LAW FIRM, P.C.

6. Plaintiffs' Complaint fails to allege actionable harassment as to Counts I, II, IV, V, and VI, because the alleged harassment was not severe, pervasive, and objectively offensive.

7. Governmental immunity as to one or more of the counts as to all Defendants.

8. Qualified immunity as to one or more of the counts pled as to the individual Defendants.

9. As to the retaliation counts, same-decision because Defendants would have reached the same decision even absent the protected activity (if proven by Plaintiffs).

10. Plaintiffs failed to exhaust administrative remedies as required for one of more of the counts pled.

11. At some or all times relevant to Plaintiffs' Complaint, Jane Doe was not a qualified individual with a disability.

12. Failure to state an underlying constitutional violation as to Count XII.

13. Contributory negligence as to Count XVI.

14. Compliance with the law as to Counts XIII, XIV, and XV.

15. Defendants respectfully reserve the right to amend this list of affirmative defenses as may become necessary or appropriate during discovery.

THRUN LAW FIRM, P.C.

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety with prejudice and deny all requests for relief. Defendants also request any relief in its favor and against Plaintiffs as this Court deems reasonable and just.

Respectfully submitted,

Dated: November 2, 2026

THRUN LAW FIRM, P.C.
Attorneys for Defendants

s/ Cathleen M. Dooley
Erin H. Walz (P55484)
Cathleen M. Dooley (P86148)
2900 West Road
P.O. Box 2575
East Lansing, Michigan 48826
Telephone: (517) 484-8000

***CERTIFICATE OF SERVICE***

STATE OF MICHIGAN )
)
COUNTY OF INGHAM )

I hereby certify that on November 2, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

| | |
|---|---|
| Jacquelyn N. Kmetz | jacquelyn@education-rights.com |
| Elizabeth K. Abdnour | liz@education-rights.com |
| Ashley Dylenski | ashley@education-rights.com |

Respectfully submitted,

THRUN LAW FIRM, P.C.
Attorneys for Defendants

Dated: November 2, 2026

s/ Cathleen M. Dooley
Erin H. Walz (P55484)
Cathleen M. Dooley (P86148)
2900 West Road
P.O. Box 2575
East Lansing, Michigan 48826-2575

THRUN LAW FIRM, P.C.