UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **S.R. and T.R.**, as Parents and Legal Guardians of **JANE DOE**, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>**TAWAS AREA SCHOOLS, TAWAS AREA SCHOOLS BOARD OF EDUCATION**, and individuals **JOHN KLINGER**, **AMANDA LIZOTTE**, **SARAH DANEK,** and **JANICE TIFFANY**, in their official and individual capacities**,**<br><br>Defendants. | Case No. 1:26-cv-13098<br><br>Hon. Michael C. Martin<br><br>**Rule 26(F) Joint Discovery Plan** |



| | |
|---|---|
| Jacquelyn Kmetz (P83575)<br>Elizabeth Abdnour (P78203)<br>Ashley Dylenski (P88208)<br>ABDNOUR WEIKER, LLP<br>*Attorneys for Plaintiffs*<br>325 E. Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>(517) 994-1776<br>**jacquelyn@education-rights.com**<br>**liz@education-rights.com**<br>**ashley@education-rights.com** | Erin H. Walz (P55484)<br>Cathleen M. Dooley (P86148)<br>Thrun Law Firm, P.C.<br>*Attorneys for Defendants*<br>2900 West Road, P.O. Box 2575<br>East Lansing, Michigan 48826<br>(517) 484-8000<br>ewalz@thrunlaw.com<br>cdooley@thrunlaw.com |



**FED. R. CIV. P. 26(F) JOINT DISCOVERY PLAN & CASE MANAGEMENT PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order dated November 4, 2026 (ECF No. 17), counsel for the parties submit this Joint Discovery Plan.

A Rule 16 Scheduling Conference, before the Hon. Judge Michael C. Martin, has not been scheduled. Pursuant to Hon. Judge Michael C. Martin's Order, entered on November 4, 2026, upon receipt of this Joint Discovery Plan, the Court will enter a Scheduling Order based off this Joint Discovery Plan, unless Counsel files a motion requesting an initial scheduling conference based on the unique circumstances of their case. Should a Scheduling Conference be necessary, appearing for the parties will be: Elizabeth Abdnour and Jacquelyn Kmetz for Plaintiffs and Cathleen Dooley or Erin Walz for Defendants.

(1) **A summary of the background of the action and the principal factual and legal issues**

a. **Plaintiffs' Background of the Action:** Plaintiffs bring claims against Tawas Area Schools and its Board of Education (together, the "TAS Defendants"), and four school officials — Superintendent John Klinger, Title IX/Section 504/Title II Coordinator Amanda Lizotte, Principal Sarah Danek, and Assistant Principal Janice Tiffany — in their official and individual capacities under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq.; Section 504 of the Rehabilitation Act (Section 504), 29 U.S.C. § 794, et seq.; Title IX of the Educational Amendments of 1972 (Title IX), 20 U.S.C. § 1681, et seq.; the Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. 37.2101, et seq.; and Michigan's Persons with Disabilities Civil Rights Act (PDCRA), M.C.L. 37.1101, et seq. This is also an action to redress the deprivation of Plaintiffs' constitutional rights under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, as well as to address violations under M.C.L. 691.1407, et seq., M.C.L. 380.1310d, et seq., and breach of contract.

Beginning in 2023, Jane Doe was subjected to severe and pervasive student-on-student sexual harassment and stalking on school grounds, including the coerced creation and circulation of a nude image. However, despite actual knowledge of her severe sexual harassment from repeated reports, Defendants

failed to investigate, provide supportive measures, or inform Plaintiffs of their Title IX rights. Instead, the Defendants allowed the harassers continued access to Jane Doe and permitted a sexually hostile environment to persist, discriminating against Jane Doe on the basis of her sex and denying Jane Doe equal access to her education.

Defendants further discriminated against Jane Doe on the basis of her disabilities by denying her equal access to her education by disciplining and expelling her in October 2023 for conduct connected to her disabilities — carrying out the expulsion without the necessary consideration of the 7 factors Michigan law requires. After Plaintiffs filed and pursued a special-education due process hearing regarding the District's failure to provide Jane Doe with a Free and Appropriate Education, Defendants retaliated against Jane Doe by removing her special education teacher and cutting off her in-person services.

These violations resulted from the District's policies, customs, and failure to adequately train and supervise its staff. Defendants breached the implied contract formed by its student handbook, which required it to investigate Title IX allegations and provide interim measures. As a result of Defendants' failures, Jane Doe has suffered lasting psychological and educational harm that has continued even after she transferred to an alternative school.

b. **Defendants' Background of the Action:** Jane Doe enrolled as a seventh grader in Tawas Area Schools for the 2023-2024 school year. She attended in person between August 28, 2023 and October 17, 2023, when she was suspended. On October 30, 2023, pursuant to District policy and Michigan's Revised School Code, the District's Board of Education expelled her for making a threat against the school. At the time of the expulsion, Jane Doe was being evaluated for special education eligibility under the IDEA. She was determined to be eligible and was offered services during disciplinary removal designed to allow her to make progress on her special education goals and in the general education curriculum.

Upon information and belief, Jane Doe sent a boy a nude picture during the summer before she enrolled as a student in the District. When District administrators became aware of Jane Doe's allegation that the picture was being shared by students after school started, they investigated and found no evidence supporting the allegation. In an effort to support Jane Doe, the District directed the students involved not to contact one another.

At all times, the District, the Board, and its employees complied with Board policy and state and federal law.

c. **Principal factual issues.** The principal factual issues in dispute include:
    i. Whether a student or students shared a nude or semi-nude picture of Jane Doe with other students on campus, on district transportation, or at a school-sponsored event.
    ii. If a picture as described in paragraph (i) was shared, whether such sharing was unwelcome to Jane Doe.
    iii. If a picture as described in paragraph (i) was shared, whether such sharing was so severe, pervasive, and objectively offensive that it caused Jane Doe to lose access to the District's education program or activity.
    iv. Whether District administrators investigated an allegation by Jane Doe that other students were sharing a picture as described in paragraph (i).
    v. Whether Jane Doe perpetuated students' discussion of a nude or semi-nude picture by asking students if they had seen it and if they had a copy of it.
    vi. Whether the Board considered the seven factors Michigan law requires under its "Rethink Discipline" law before expelling Jane Doe on October 30, 2023.

d. **Principal legal issues.**

The principal legal issues are whether the TAS Defendants, with actual knowledge of the student-on-student sexual harassment of Jane Doe, acted with deliberate indifference to known sex discrimination and to a sexually hostile educational environment, and whether they retaliated against Jane Doe, in

violation of Title IX; whether all Defendants, acting under color of law, deprived Jane Doe of substantive and procedural due process and equal protection under the Fourteenth Amendment, actionable under 42 U.S.C. § 1983; whether the individual Defendants (Klinger, Lizotte, Danek, and Tiffany) retaliated against Jane Doe in violation of the First Amendment after Plaintiffs exercised their right to a due process hearing; and whether the TAS Defendants are subject to municipal liability under Monell for policies, customs, or a failure to train and supervise that served as the moving force behind the alleged violations.

The case further presents the issues of whether the TAS Defendants discriminated against Jane Doe on the basis of her disabilities, and retaliated against her, in violation of Section 504 of the Rehabilitation Act and Title II of the ADA; whether all Defendants violated the Michigan Persons with Disabilities Civil Rights Act; whether the individual Defendants Lizotte, Danek, and Tiffany violated the Elliott-Larsen Civil Rights Act; whether all Defendants are liable for gross negligence; whether the TAS Defendants complied with the requirements of Michigan's "Rethink Discipline" law before expelling Jane Doe; and whether the TAS Defendants and Defendant Klinger breached the contract formed by the student handbook. Also at issue are the scope of the compensatory, exemplary, and punitive damages and the injunctive relief to which Plaintiffs may be entitled, and the availability of any immunity defenses asserted by Defendants.

The case also presents issues of whether some or all of the counts alleged: stated a claim on which relief can be granted; were filed beyond the applicable statute of limitations; or fail due to governmental and/or qualified immunity, lack of standing, or a failure to exhaust administrative remedies.

(2) **Initial Disclosures:** Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order.

a. Fed. R. Civ. P. 26(a)(1) Initial disclosures: January 15, 2027.
b. Fed. R. Civ. P. 26(a)(2) Expert disclosures:

i. Plaintiffs' expert disclosures: September 10, 2027.
ii. Defendant's expert disclosures: October 8, 2027.
iii. Rebuttal expert disclosures: October 29, 2027.

c. Fed. R. Civ. P. 26(a)(3) Pretrial disclosures: To be determined once trial has been scheduled.
d. The parties are unable to agree on voluntary production at this time.

(3) **Proposed Discovery Plan:** The parties believe that all discovery proceedings can be completed by December 17, 2027.The parties recommend the following discovery plan:

a. **Scope of Discovery:** The parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, including, but not limited to: Plaintiff's sexual harassment at Tawas Area Schools; Plaintiff's sex and disability discrimination at Tawas Area Schools; Defendants' retaliation against Plaintiff; Plaintiff's damages; Defendant's affirmative and other defenses; and all other relevant subject areas as necessary. The parties agree that discovery should not be conducted in phases.
b. **Expert Discovery:** Plaintiffs may offer experts on both liability and damages. Defendant may offer experts on both liability and damages.
c. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.
d. **Assertion of Claims of Privilege or Work-Product Immunity After Production:** The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for

privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order. It is anticipated that records may be exchanged that contained student identifying information. Any records containing student identifying information are privileged pursuant to the Family Educational Privacy and Rights Act (20 U.S.C. § 1232g; 34 CFR Part 99).

(4) **Outstanding or Anticipated Discovery Disputes:** The parties anticipate discovery issues related to protected student information under the Family Education Rights and Privacy Act and other related privacy concerns given the involvement of minors in this case. Accordingly, the parties have agreed to enter into a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

(5) **Disclosures of insurance available to satisfy part or all of a judgment, including indemnification agreements:**

a. **Plaintiffs:** Not applicable.
b. **Defendants:** Defendants are insured by The Hanover Insurance Company. Documentation will be provided with initial disclosures.

(6) **Case Management Plan:** The parties propose the following schedule:

a. **Initial Disclosures:** January 15, 2027
b. **Deadline to file stipulated protected order:** January 15, 2027
c. **Deadline to Amend Pleadings/Join Parties:** March 15, 2027
d. **Plaintiff's Expert Disclosures:** September 10, 2027
e. **Defendants' Expert Disclosures:** October 8, 2027
f. **Settlement conference / ADR completion**: November 12, 2027
g. **Close of Discovery:** December 3, 2027
h. **Dispositive Motion Deadline:** Friday, February 11, 2028
i. **Final Pretrial Order:** To be Determined
j. **Final Pretrial Conference:** To be Determined
k. **Trial:** To be Determined

Lead counsel for Plaintiffs anticipates being on leave from approximately mid-April 2027 through mid-June 2027. The proposed schedule accounts for that period, which the parties submit constitutes good cause for the dates set forth above.[1]

(7) **The Issues and Narrowing the Issues:** The parties will work in good faith to narrow and simplify the issues as the case develops. The parties anticipate that certain matters may be resolved by stipulation — including subject-matter jurisdiction, the parties' respective statuses and roles, and the authenticity and admissibility of core records such as Jane Doe's educational, disciplinary, and expulsion files, relevant correspondence, and the student handbook. Although the Amended Complaint pleads distinct counts, several claims rest on common proof — the disability-discrimination claims under Section 504, Title II of the ADA, and the PDCRA, and the sex-discrimination theories under Title IX and the Equal Protection Clause — such that discovery and trial may be streamlined accordingly. The parties further anticipate that the scope of claims and defenses may be narrowed following discovery through dispositive motions or stipulation. The parties believe a more precise assessment of which issues can be eliminated or narrowed will be possible after the exchange of discovery, and they will continue to confer on that subject.

(8) **Subject Matter Jurisdiction:** Plaintiff asserts jurisdiction is conferred upon this Court over Plaintiffs' federal claims based on 29 U.S.C. § 626 and 28 U.S.C. § 1331, which grants district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over:

---

[1] Plaintiffs' lead counsel, Jacquelyn Kmetz, is expecting twins and anticipates maternity leave from approximately mid-April 2027 through mid-June 2027. With the births, counsel will be the parent of four children under the age of two and a half, creating a strong possibility counsel's leave may extend to late June. Plaintiffs are represented by a small firm with a limited number of attorneys, which limits its ability to reassign primary responsibility for this matter during counsel's leave. In addition, Plaintiffs' co-counsel, Elizabeth Abdnour, recently learned that her sister's cancer has returned, that treatment options have been exhausted, and that her sister is not expected to recover. Accordingly, Ms. Abdnour's availability may be significantly limited during the coming months. The proposed schedule takes these circumstances into account. It allows written discovery and party depositions to proceed before counsel's leave, sets all expert deadlines after counsel's return, and allows enough time for this nineteen-count action to be fully discovered and presented on dispositive motions by February 4, 2028. Plaintiffs respectfully submit that these circumstances constitute good cause for the proposed dates and are not offered for purposes of delay.

(a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Defendants concur with Plaintiffs' statement of law but reserve the right to contest whether subject matter jurisdiction is properly pled and supported by the facts as permitted by law and the rules of this Court.

(9) **<u>Relationship to Other Cases:</u>** The parties are not aware of any related cases.

(10) **<u>Joinder of Parties and Amendment of Pleadings:</u>** The parties agree to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **March 15, 2027**.

(11) **<u>Settlement, including Alternative Dispute Resolution:</u>** In the interest of conserving judicial resources, the parties agree to engage in settlement discussions and participate in some form of Alternative Dispute Resolution. The parties do not agree to submit this matter to case evaluation or early neutral evaluation.

a. Plaintiff recommends that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation (VFM), by November 12, 2027, after the majority of Discovery has been completed to maximize the likelihood that the parties will be able to reach a resolution through the VFM process.
b. Defendant recommends that this case be submitted to the following method(s) of alternative dispute resolution: Defendant agrees with Plaintiff's recommendation but reserves the right to request alternative forms of settlement discussions be considered.

(12) **<u>Progress of Discovery:</u>** Discovery has not yet commenced.

(13) **Issues That May Appropriately Be Resolved by Motion:** The parties anticipate that all dispositive motions will be filed by **February 4, 2028**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(14) **Estimated Length of Trial:** Counsel estimate the trial will last approximately 9 days, total, allocated as follows: 6 days for Plaintiff's case and 3 days for Defendant's case.

Dated: November 24, 2026

Respectfully submitted,

*/s/ Jacquelyn Kmetz*
Jacquelyn Kmetz (P83575)
Elizabeth Abdnour (P78203)
Ashley Dylenski (P88208)
ABDNOUR WEIKER, LLP
*Attorneys for Plaintiffs*
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 994-1776
jacquelyn@education-rights.com
liz@education-rights.com
ashley@education-rights.com

*/s/ Cathleen Dooley (w/ permission)*
Erin H. Walz (P55484)
Cathleen M. Dooley (P86148)
Thrun Law Firm, P.C.
*Attorneys for Defendants*
2900 West Road, P.O. Box 2575
East Lansing, Michigan 48826
(517) 484-8000
ewalz@thrunlaw.com
cdooley@thrunlaw.com